UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL GILLILAND, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02755-LJM-DKL |
| ) | |
| FIFTH THIRD MORTGAGE COMPANY, ) | |
| FIFTH THIRD BANK, ) | |
| GREGORY PURVIS, and ) | |
| SPANGLER, JENNINGS AND ) | |
| DOUGHERTY, ) | |
| ) | |
| Appellees. ) | |

## ORDER

Appellant Michael Gilliland ("Gilliland") has moved for an order withdrawing the reference of his bankruptcy proceeding from the Bankruptcy Court. Citing 28 U.S.C. § 157(d), Gilliland argues that the adversary proceeding that he has filed in the Bankruptcy Court necessarily invokes both core and non-core proceedings and relies on both Title 11 and other laws of the United States, namely the Fair Credit Reporting Act ("FCRA"); therefore, the reference must be withdrawn. Dkt. No. 1. Gilliland further argues that this Court should stay the Bankruptcy Court proceeding until this Court rules on his adversary proceeding. Dkt. No. 9.

Appellees Fifth Third Mortgage Company, Fifth Third Bank (collectively, "Fifth Third"), Gregory Purvis and Spangler, Jennings and Dougherty (collectively, "Law Firm Defendants;" all defendants, collectively, "Appellees"), argue that withdraw of the reference is not proper because the adversary proceeding raises only core issues – the

propriety of Fifth Third's mortgage – and Gilliland fails to state any cognizable claim under the FCRA or any other non-title 11 law.

## DISCUSSION

"A motion for withdrawal of a case or proceeding shall be heard by a district judge." Fed. R. Bankr. P. 5011(a). Withdraw is mandatory if the court determines that resolution of the proceeding requires consideration of both provisions of the Bankruptcy Code and provisions of other federal laws. 28 U.S.C. § 157(d). However, § 157(d) must be interpreted narrowly "so that it is not utilized as an 'escape hatch through which most bankruptcy matters [could] be removed to a district court.'" *In re Laventhol & Horwath*, 139 B.R. 109, 114-15 (S.D.N.Y. 1992). *See also In re Coe-Truman Techs., Inc.*, 214 B.R. 183 (N.D. Ill. 1997); *In re E&S Facilities, Inc.*, 181 B.R. 369, 372 (S.D. Ind. 1995), *aff'd*, 96 F.3d 949 (7th Cir. 1996). In other words, withdraw is proper only where the claim presents complicated issues of first impression require significant interpretation of federal law or presents substantial and material conflicts between the Bankruptcy Code and non-bankruptcy laws. *See In re Auto Specialties Mfg. Co.*, 134 B.R. 227, 228 (W.D. Mich. 1990). To decide whether or not withdrawal of the reference is proper, the Court may consider the following factors: (1) whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; (2) whether it would reduce forum shopping; (3) whether it would cause delay and costs to the parties; (4) whether a particular court has familiarity with the case; (5) whether the parties have demanded a jury trial; and (6) whether a core or non-core proceeding is involved. *See In re Comdisco Ventures, Inc.*, Nos. 04-C-2007, 04-C-2393, 01-24795, 2004 WL 1375353, at *2 (N.D. Ill. June 18, 2004); *EPA v. Envtl. Waste Control, Inc.*, 131 B.R. 410, 418 (N.D. Ind. 1991);

*Abrams v. DLA Piper (US) LLP*, No. 2:12-cv-19, 2012 WL 1714591 (N.D. Ind. May 15, 2012).  As the moving party, Gilliland bears the burden of proof.  See *Salin Bank & Trust Co. v. Seybold*, No. 1:08-cv-70, 2009 WL 377983 (N.D. Ind. Feb. 12, 2009).

Gilliland's motion to withdraw reference falls short of the evidence necessary to withdraw the reference of his adversary proceeding.  Gilliland fails to provide any factual basis from which the Court can conclude that his allegations with regard to the foreclosure on his property and/or his the handling of those proceedings are outside of traditional core proceedings in a bankruptcy.  In fact, the allegations all relate to the validity of Fifth Third's mortgage lien on the subject property, which cannot be characterized as anything other than a determination of the validity, extent or priority of a lien.  *See* 28 U.S.C. § 157(b)(2)(K) (defining "core proceeding" to include "determinations of the validity, extent, or priority of liens").  Further, Gilliland's allegations that Appellees violated the FCRA have no factual foundation; therefore, there is no federal statutory claim that is intertwined with or that presents substantially novel questions to substantiate withdrawal of the reference.  Because the issues presented in Gilliland's adversary proceedings are "core" issues, and challenge prior proceedings in the Bankruptcy Court, the Bankruptcy Court is in the best position to quickly adjudicate his claims.  Withdrawal of the adversary proceedings would only complicate the case and would not be in the best interests of judicial economy or the parties.

## CONCLUSION

For these reasons, Appellant Michael Gilliland's motion for withdrawal of the reference, Dkt. No. 1, is **DENIED and this action is DISMISSED**.  In addition, Appellant

Michael Gilliland's Motion for Mandatory Stay of All Bankruptcy Proceedings, Dkt. No. 9, is **DENIED as MOOT**.

IT IS SO ORDERED this 14th day of December, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL GILLILAND
3448 West Old Brownsville Road
Liberty, IN 47353

Mark S. Gray
DOYLE & FOUTTY PC
mgray@doylefoutty.com

Kurt V. Laker
DOYLE LEGAL CORPORATION, P.C.
klaker@doylefoutty.com

Gregory A. Purvis
SPANGLER JENNINGS & DOUGHERTY PC
gpurvis@sjdlaw.com